We'll hear argument next in case 2350, Chiaverini v. City of Napoleon. Ms. Anand? Mr. Chief Justice, and may it please the Court, everyone in this case now agrees that as the lack of probable cause element of a malicious prosecution claim under the Fourth Amendment, the charge-specific rule governs. That is, a plaintiff may make out a malicious prosecution claim by proving that one charge is not supported by probable cause, even if other charges are, provided, of course, that the plaintiff also makes out the other elements of the claim. As no one appears to dispute, that charge-specific rule is supported, as Chief Judge Pryor put the point, by both centuries of common law and by bedrock Fourth Amendment principles. That's all this Court needs to address to resolve this case. Respondents urge this Court to go beyond that ruling to weigh in on a series of open questions about a different element of the Fourth Amendment that resulted in a seizure element. No one disputes Mr. Chiaverini's going to have to prove that on remand, but weighing in on the kind of precise contours of that question would require this Court to go beyond the question presented, to address issues not aired at all below that haven't percolated in the courts of appeal, and to do so on the sort of briefing that doesn't have the kinds of text, history, common law arguments that you'd expect before weighing in on an element of a constitutional tort. As in Thompson, this case involves a narrow dispute over one element of a Fourth Amendment malicious prosecution claim. This Court should simply hold that a plaintiff can make out a claim by showing that at least one charge lacks probable cause, again, assuming they can make out the other elements of the claim, and remand for consideration of everything else. I welcome this Court's questions. Well, what do you have to show, if anything, about causation? If you have a situation where you've got three allegations, and two are concededly valid, and they justify the seizure, you still get relief? Don't you have to show some kind of causation? Yes, Your Honor. So we agree there has to be some kind of causation, and we think the formulation in Thompson is correct. You have to show that the malicious prosecution resulted in a seizure. Our position is that if you want to weigh in on precisely what the counterfactual is, the Eleventh Circuit's position is correct. That the correct counterfactual is, could this have been done as a warrantless arrest? Could the plaintiff have been seized for this length of time, or seized for this length of time, based on a warrantless arrest? So the way the Eleventh Circuit articulates it is, look, this legal process was corrupted. We know this legal process was necessary if the detention is longer than 48 hours. That's a Fourth Amendment requirement. You've got to have 48 hours. And so because this legal process was necessary, what you have to show is you prevail unless this could have been done as a warrantless arrest. Well, I thought the evidence was that the first two of the crimes would certainly support what was done in this case, without regard to the third. So that's correct, Your Honor. Would support in the sense that a magistrate could constitutionally have signed this arrest warrant. But in fact, no magistrate did sign this arrest warrant, based on just those two charges. So based on this kind of court's case law, so for instance, we cite the Eastern District of Michigan case in our opening brief, where the court says, that's the case, remember, where the Attorney General says, I can sign warrants to authorize wiretaps. This court says, surely a magistrate would have signed off on these warrants, right? Surely a magistrate would have caved to the national security concerns and signed these things. Still a Fourth Amendment violation, because the magistrate didn't do so. Again, I think this is all beyond the scope of the question presented. And frankly, because there are indications from precedent and common law to support the Eleventh Circuit's rule, at the very least, this court shouldn't go any further than it did in Thompson, in defining the kind of precise contours of the resulted in the seizure element. Are you giving up on the SG's position that, as an alternative to the Eleventh Circuit's view, that if you can show that you were retained for longer, or that, as you argued below, I understand, at least in one of your arguments, that you would have never been arrested, you would have been given in a summons to appear as the person who sold you the jewelry was, so you would have never been in jail, that that would be enough? Are you giving up on that? No, Your Honor. So we think, we don't have much of a dog in this fight. We think that we went under the Eleventh Circuit's rule. We went under the SG's rule. As between the two, we think the Eleventh Circuit's rule is more consistent with this court's precedent and with the common law. But again, we think that you should make that decision on the basis of some briefing about the text of the Fourth Amendment, founding era practice, common law, none of which you have before you. We shouldn't reach it, is what you're saying. Yes, that's right. Well, what if I think it is subsumed within the question presented? What is wrong with the logic of the Solicitor General's position? Under Thompson, an element of the claim at issue is a seizure, and that's necessary to bring this within the Fourth Amendment. So your client was seized when he was arrested, and under Thompson, he experienced a continuing seizure during the period when he was in jail. And so the question is whether either his arrest or the length of his detention was the result of the so-called money laundering charge. I don't know why this statute is called money laundering, because it doesn't seem to have anything to do with money laundering. But what's wrong with that logic? It seems to follow step by step. So again, Your Honor, I think we win under that test, right? So the police officer's affidavit in this case says we are seeking a warrant because there is a felony of the third degree. So I don't want to push too hard on this. I think that that's a totally acceptable result from our point of view. The reason that we think that it's not the best way to interpret that resulted in a seizure language is twofold. The first is what Williams explains, is that the entire point of requiring a neutral and attached magistrate to weigh in is to give that neutral party the opportunity to weigh the law enforcement interests against the privacy interests. And so doing this sort of counterfactual, predicting what the magistrate would have done, kind of undermines that goal. And so I think the Williams rule, which basically says, look, if you could have done this as a warrantless arrest, right, if you didn't need the warrant, you didn't need to have a Gerstein hearing, you only detained him for a few hours, then it's fine if the warrant process was totally But where the warrant was necessary to the detention, you could not have detained him for four days without a warrant, then we're not going to kind of peer in and try to figure out, would the magistrate have reached this exact same result if it knew the actual charges against? What if the other charges on which there was probable cause were also felonies, and maybe even more serious felonies than the so-called money laundering charge, would you make the same argument? So I don't think we'd be able to make the same argument about why we win under the United States' rule. But I think that the, I think that the 11th circuit... But you think you should win anyway. I think under the 11th circuit's rule, that's a defensible, and you can imagine, right? I mean, some of them are... Why? I mean, why? What if one of the charges is murder, and there's probable cause to support the murder charge, and then they throw in this money laundering charge? Or let's say it's an assault, as well as money laundering. Same result? So just as a preface, I think that this is the reason you should let these rules percolate, right? We should figure out how these rules actually play out in practice. The reason I think it's the same result, what the Williams Court would say is, there's a reason police officers lied about this charge, right? And so we're going to assume that they lied about it in part because they needed it to be able to detain the person. Well, I mean, you may be... The facts of this case are disturbing, and you may well win, but we're talking about what the general rule should be. So your rule would apply in a case where the police officers act in good faith, but they just don't have probable cause. And it's not limited to a case in which there was perjury or the manufacturer of false evidence, right? Your rule is not limited in that way. So that's correct, but we think that another element, right, the mens rea element, which this Court hasn't weighed in on yet, and on which there's a circuit split, is the proper element to do the filtering that Your Honor is talking about. And the reason why I think the more serious, less serious charge rule... So to be clear, I think that's a rule we could certainly live with. We win under that rule. There's some evidence in the common law. The Newell Treatise, for instance, seems to suggest that the charge lacking probable cause should be the more serious charge. So we think there's some warrant for it. But the reason we don't think it's the best option is because you can imagine a situation, for instance, where the felony charge is a white-collar offense on which, you know, no one's ever going to be detained. The misdemeanor's a resisting arrest charge, and the magistrate says, you know, that indicates some kind of dangerousness, that's the reason I'm going to detain him. And so I don't think you can have a kind of categorical more serious, less serious charge rule. And again, I think what the Eleventh Circuit's rule does is it says, look, at the point where this legal process has been tainted... Remember, this Court's cases like Gerstein and County of Riverside say, if there was no legal process, right, if there's no arrest or Gerstein hearing, we actually don't care if there's all the probable cause in the world. Well, you're talking about being tainted. Now you're... Then you're back to the idea that Officer Everhoff lied, right? But what if he hadn't? I mean, what if there's just a, you know, there's no indication that there was a... that there's a lie, there just wasn't probable cause? Sure, Your Honor. So I think in that circumstance, first, probable cause, remember, is a low bar, right? It's just a reasonable belief. And second, qualified immunity will almost certainly protect the officer in a situation where there's no probable cause, but even the judge is confused and thinks there's probable cause. Yeah, well, it'll protect the officer, but it won't protect the municipality. That's true, Your Honor. But I'm having trouble thinking of a situation where a judge signs this thing, right? Signs the arrest warrant, signs off on the Gerstein hearing, knowing all the facts, the police officer accurately reported, and yet there's not even probable cause. Can I ask you a question about the Eleventh Circuit rule? I just want to make sure I'm understanding it. I had thought that one distinction, and maybe it doesn't matter, so you can tell me if it does, is that in Williams, it was actually the crime for which he was being detained and for which probable cause had been manufactured was the tainted crime, and the other crime for which there would have been probable cause, if a warrant had been pursued, was the one that had not had the adequate process. And that's a different situation than we have here, right? Because here, there was a valid warrant for the misdemeanors, right? It was just the money laundering. And so you actually had that process observed for the two misdemeanors in a way that Williams, it was kind of like, it was blank, right, on the other side. And so there was no valid process holding him. Why does that not matter? I gather you think it doesn't. So I don't think it does because Williams is very clear, this is at 1165, that Williams will prevail if he establishes a genuine dispute about whether at least one of the two charges against him for attempted murder, right? So remember, there's attempted murders to two different officers. The holding is he only has to prove that one of those lack probable cause. This is at 1165. So it's true that in Williams, there was also this uncharged offense, but Williams just says you have to prove one of the two charges in the actual arrest warrant was bogus. Okay. And then I want to understand a distinction or that I think is a distinction between your position and say the SGs. Do you agree that a seizure that you have to show a seizure for purposes of making out your claim? So we, we agree that you could just continue to reiterate the Thompson language, which has resulted in a seizure. We don't think this court should use this case to go further and say that there cannot be a malicious prosecution claim predicated on, for instance, the unreasonable search clause or the warrant clause. We don't have, we don't think that this is the case that teased that up. Well, the search clause, sure. But I mean, is it going farther? We've said that before. I mean, you have to make out a fourth amendment claim and hear your claim as for seizure of the person. And it's, it's, you, you didn't make, I don't think a separate claim about the seizure of his effects being unreasonable. So, so below, we did argue about the seizure of his effects as well as about the unreasonable search. What's come before this court is this one. Yeah. And so we did, all we're saying is that you shouldn't, and I think we agree with the SG on this. You shouldn't reach out and affirmatively say there can be no other fourth amendment malicious prosecution. I'm sorry, is one of your elements that you have to prove is lack of probable cause with respect to the one crime and that that caused an unreasonable seizure? The language in Thompson is, and the malicious prosecution resulted in a seizure, which we that it caused an unreasonable seizure? Yes. The malicious prosecution caused an unreasonable seizure. Are you accepting that language or are you fighting that language? So I don't mean to quibble. It is important. It is important. So I think the Thompson formulation is correct. Resulted in a seizure. The other elements get you to the unreasonable part. What are the other elements? If it doesn't cause an unreasonable seizure? So why don't you just list what you think the elements are? Right. So the appropriate mens rea, which this court hasn't resolved, favorable termination, initiation of legal process, lacking probable cause. So that's where the unreasonable part comes in. Resulted in a seizure. All we're saying is don't double count the unreasonable. You don't have to prove something separate from the mens rea plus lack of probable cause. So Ms. Anand, I have a question about the element that brings us here today, which is the initiation of legal process lacking probable cause, right? Am I? That's correct. And that's separate from the causation. Exactly. That we've been discussing. I guess you're now saying that everybody's on the same page, that the Sixth Circuit was wrong about that. Is that? That's correct. Okay. And I'm trying to understand why the Sixth Circuit was wrong. And I think I have a theory, and I'm hoping you can help me to determine whether or not I'm right about this. I'm wondering whether the Sixth Circuit, whether they were just taking what is a basic principle related to probable cause in another context. The other kind of Fourth Amendment claim that one might bring is the unlawful seizure, false arrest, et cetera. There you have no probable cause. And we would say that if there are three or four different charges being brought and your when you proved lack of probable cause with respect to only one of those three or four charges, we would say too bad, you still lose, right? So it's sort of like the same idea that the Sixth Circuit was latching onto, because there are cases that say that, but it seems like they're in a different context. They're not malicious prosecution theory. It's the unlawful arrest theory. So it's like probable cause is doing different work depending upon the theory. Does that make any sense? That's exactly right. So that's exactly how the Sixth Circuit justified this rule. It said the same rules apply to false arrest and malicious prosecution, but both at common law and in this court's Fourth Amendment cases, there has always been a distinction between the warrantless arrest context, where as your Honor notes, doesn't matter if the officer had one charge or 10 charge or zero charges in mind. What matters is if there's probable cause out there somewhere and the legal process cases like Gerstein and Franks and County of Riverside, where you're required to specify the charges. And that's for a couple of good reasons that I'm happy to take away. I mean, it's one of them because the malicious prosecution context is really about the culpability of the process server. It's about the person who is initiating process maliciously. It's not really about whether you were committing bad behavior, whether you were. So in other words, you could have a person who actually is a criminal, right? He's committing crimes, but here for charges two and three and four, but if charge one, there was no basis for it, faceless and maliciously added on to the thing, that person would add it onto the indictment. That person would still have at least theoretically a claim for malicious prosecution with respect to that charge. That's exactly right. And that's reflected again in this court's Fourth Amendment cases. So to take an extreme example, Gerstein says that if you don't have process, right, no warrant, no hearing, doesn't matter if you're actually guilty of absolutely everything, it's still a Fourth Amendment violation because we care about the process. The Fourth Amendment says what makes a seizure of any duration reasonable is that someone neutral and attached weighed in and signed off on this. It's not just the police officer's discretion. And what any crime rule would do would basically move this back into police officer's discretion if they could just lie to the magistrate about the set of charges they have. So what are we disputing here? Both sides agree that the Sixth Circuit got it wrong. I guess I'm trying to understand why we're continuing on. What is left of this case if the fundamental issue has been essentially resolved? There's no one else. Should we have appointed someone on the other side of the question that was presented here? So I don't think so because, you know, I do think respondents are arguing for an affirmance on a sort of waiver plus this other element theory. I think that this just means it's an easy opinion to write. So just last week in Sheets, this court said when there's radical agreement that the court below erred in applying a categorical premise, we leave all the kind of additional nuanced arguments for remand. I think this court should follow the same course here. Well, radical agreement is a good thing if it exists. I'm not quite sure there was. There is radical agreement here. I thought the argument on the other side, which is presented in Respondent's Brief and also in one of the amicus briefs, which I don't have with me, is that the Sixth Circuit had a prior decision in which they essentially adopted the Solicitor General's position, and what they did here should be understood in light of that. Isn't that the argument on the other side? So I think the other side is making two arguments. One is the one that Your Honor articulated, which is that somehow the lower court secretly was applying a different rule, but as the United States says at page 23, that description conflicts with the language of the decision below. Yeah, okay. So there's a dispute about what they did here, whether they were following, I've forgotten the name of the earlier Sixth Circuit decision, whether they were following that or not. So there's not really radical agreement, as much as one might like to have it. So I think that there is disagreement about how the caused a seizure resulted in a seizure element works in the nuances, right? What counterfactual you run, how exactly, whether it's the legal process could or the bogus charge would have or the bogus charge could have, but that's a separate element from lack of probable cause. And I think everyone agrees that the decision below, which said, because probable cause existed on at least one charge, is malicious prosecution claim fail, full stop, right? That's the holding of the decision below. Everyone agrees that's not correct. That's not the rule. And just to clarify on the cause, the seizure point, your position, say we don't reach it on remand would be, doesn't matter if it actually caused the seizure. It doesn't matter if these misdemeanor offenses would have led to the same amount of the three days in detention. That would be your position, right? So I'd articulate it slightly differently. I would say that the tainted legal process surely caused this seizure. So in other words, he could not have been held for four days, but for this arrest warrant or some other form of process. And why? What was it, three days or four days? Four days. Four days. Okay. So would four days be an unreasonable length of time for a detention for the two misdemeanors? It's not that it would be an unreasonable length of time. It's that Gerstein and County of Riverside say that length of detention must be authorized by a neutral and detached magistrate. And here a neutral and detached magistrate didn't say you can detain him or even arrest him for this length of time, except for, you know, uh, without knowing that the felony charge was bogus. So you mean, just to make sure that I understand, it's, it's possible that he could have been held for the four days if the magistrate had only had in front of him, the two misdemeanors, but you're saying that the presence of the third necessarily corrupts everything else. And so the causation element doesn't run there. That's exactly right. And again, the only published circuit court case analyzing this question came to that result. So, you know, I think again, this court should weigh in on that question with the benefit of kind of full briefing argument, some sort of historical analysis. And we just don't think that's presented here. Thank you, counsel. Justice Alito. Well, just out of curiosity, the four days are Friday to Monday, right? It's over, it's over the weekend. That's correct. What happens in the city of Napoleon? I looked up how many people there are. It's not a big city, right? What happens with people who are arrested on a Friday? So remember County of Riverside says that a Florida statute that says you can exclude weekends from the two day calculation. I mean, what happens in that town? So that's, that's, that's irrelevant. I am somewhat curious about the facts of this, this case, this is a crazy little, crazy little incident. Why didn't your client just give the police officers the ring? Well, Your Honor, he asked for the opportunity to consult with counsel because the hold letter was ambiguous, right? It said both hold this as evidence and return it. I know. I mean, there's crazy behavior on this, on both sides. But look, when the police officers are there saying, give the ring to the, the people who, why doesn't he just give it to them? He paid $45 for this. Uh, so what did he think was going to happen? I'm going to be, something's good. Bad is going to happen to me because I've got this ambiguous letter that says, hold the ring or give the ring to the, I forget their names. Give the ring to them. Something terrible is going to happen to me if I give them this ring when the police are telling me to give them the ring. So Your Honor, maybe that goes to the reason why the six regret found probable cause for the retaining stolen property charge, but it is nothing about felony money laundering. No, I understand. I understand. And this is not really a money laundering statute, right? That's correct, Your Honor. And it's about purchasing with knowledge. Um, and again, even if Your Honor's correct, and I, you know, I just want to say that the facts aren't quite as Your Honor suggesting they are. It certainly doesn't justify as the police officers going out, doctoring report, securing an arrest warrant, finding a way to detain him for four days. I'm not getting it. I'm kidding. I'm just wondering about the facts of this. What did you say that it wasn't as I suggested? What did I suggest that wasn't factually? So it wasn't that he refused to give back the jewelry. It's that he asked for time to consult with counsel before he did so. Okay. Justice Sotomayor. Having worked many a Saturday night to arraign people before judges, that's what some jurisdictions do. Okay. Justice Gorsuch. Maybe an idiosyncratic question. Um, but on this causation element, one way I think of it is this, that malicious prosecution at common law was all about protecting the judicial process. And so the 11th Circuit or your view of the 11th Circuit's causation holding makes a great deal of sense in light of that common law background, that it doesn't matter what actually happened. What mattered was the process was tainted. The problem I have is that we've thrown malicious prosecution into the Fourth Amendment context. And the seizure has got to come around someplace in the Fourth Amendment because that's what it says, right? And that's where I struggle on how to put those two things together. Because to me, malicious prosecution claim naturally flows from the due process clause, and it wouldn't require you to show anything other than the process was tainted. So help me out with that. That's not what we've done. Okay. That battle's been lost. I understand that. Setting aside those first cases, I do think that Gerstein and County Riverside say it's a matter of the Fourth Amendment process matters, right? So Gerstein says, yes, you can make a warrantless arrest, but you've got to bring the person in front of a magistrate as soon as possible, certainly no longer than 48 hours. And Gerstein doesn't say, and it's okay if you actually did the crime, no need to bring them before the magistrate. It wants the process. I'm wholly with you on due process. It's a matter of process. But I'll just say Gerstein situates that right in the Fourth Amendment. Okay. All right. Let me ask you another idiosyncratic question. So you brought a straight up malicious prosecution claim under the common law in count one, your client did. Also brought this Fourth Amendment hybrid thing in count three, I think it was, and got removed at federal court. I don't understand why. Why? Malicious prosecution in state law is a pretty easy tort to prove. Not always, but you might've had a really good shot and got punitive damages and your attorney's fees and everything. Why are we making a federal case out of this? Well, Your Honor, again, setting aside this court's recent cases saying we're entitled to do that. I'm not questioning them. I'm not questioning them. I'm just asking purely strategically. I've struggled to understand why some of these cases wind up in federal court when, as an old plaintiff's lawyer, I might've wanted to bring it in front of the state court. So there's a couple of reasons. Just speaking at a high level of generality. So many states don't allow malicious prosecution against law enforcement. So like California doesn't allow that. In many states, there's a heightened mens rea. So in the Sixth Circuit, the mens rea for the federal malicious prosecution tort is lower than for the state malicious prosecution tort. Can you tell me a little bit about that? What is that split? Um, the, uh, I can tell you the precise split, which is that the Fourth, Sixth, and D.C. circuits say that the mens rea element is purely objective. Other circuits have imposed some sort of malice or heightened requirements. An objective mens rea. Okay. Okay. Got it. All right. And did you have anything else you wanted to add? I'm sorry I interrupted you. All I wanted to say on that front is just that, um, it was our right to bring the Fourth Amendment malicious prosecution case. And that's not just from Thompson and Manuel, where I understand that Your Honor disagrees, but dating back to Gerstein and County of Riverside from the 80s and 90s, saying, and Justice Scalia explains it, that, you know, the idea of a reasonable seizure at the time of the founding, what the framers anticipated was you arrest someone, you bring them before the magistrate right away. That's what constitutes a reasonable seizure. So this is a matter of what is a reasonable seizure, not just as a function of the due process clause. Thank you. Justice Kavanaugh? Justice Barrett? Justice Jackson? Thank you, counsel. Mr. Suri? Mr. Chief Justice, and may it please the court. I'd like to address Justice Alito's and Justice Jackson's questions about what exactly everyone is fighting about here today. I think the main disagreement is about how far the court ought to go in its opinion and what issues it should decide. I understood Petitioner to be saying that the court should say simply that it is possible to bring a Fourth Amendment malicious prosecution claim even when a valid charge is accompanied by a baseless charge, and to stop there. We think it's important for the court to take one step further and to say that the plaintiff bears the burden of proving that the baseless charge caused an unreasonable seizure. That's an important step to take, because if there's no unreasonable seizure, there's no violation of the Fourth Amendment. But it's also not a significant step to take, because you'd just be reaffirming what you've already said in Thompson. Now, I understand respondents asked the court to take one step further still and to determine that the seizure in this particular case was reasonable. But we don't think the court should reach that question, because it hasn't been the focus of the briefing and wasn't passed on below. I welcome the court's questions. Would your formulation leave open the Eleventh Circuit rationale? Yes, it would leave open the Eleventh Circuit rationale. We do think that, as Justice Barrett was— But she fought on that, and she may in reply explain, but why do you think she fought it? We think that the Eleventh Circuit— It's an unfair question, but— We think the Eleventh Circuit rationale makes sense in the context where there is an uncharged crime for which there was probable cause, and the police officer wants to defend manufacturing the crime that was charged on the ground that there was also this uncharged crime. We don't think the Eleventh Circuit rationale makes sense in the context where there are multiple charges on which the magistrate did pass, and it turns out there was no probable cause for one of them. We don't think the court needs to get into that issue in order to resolve this case. In this case, there is evidence from which one could infer that the magistrate would not have issued an arrest warrant were it not for the felony charge as to which there was not probable cause, but it does strike me that in many other cases, it will be very difficult, and I don't how a plaintiff would prove that the charge for which there was no probable cause was the one that resulted in the decision to arrest as opposed to just issue a summons. Justice Alito, I appreciate that it may be difficult for the plaintiff to make that showing, and since it's an element of the claim, the failure to make the showing would mean that plaintiff would lose, but I could point out a few ways in which a plaintiff might be able to make that showing. First, if there's a bail determination and the judge sets higher bail because of a felony charge that was added to a misdemeanor charge, but it turns out that the felony charge was fabricated, that might be a circumstance where it's possible to show that the felony charge was the cause of the detention. In addition, state law might provide that certain minor offenses result only in a citation or a summons, but more serious offenses can result in pre-trial detention. That's another way in which the plaintiff could make that show. Ultimately, however, it would depend on the facts and circumstances of the case. Presumably, the plaintiff would not be able to depose the magistrate and ask the magistrate, what would you have done? That's right, Justice Alito. We see this kind of inquiry in other areas of criminal procedure. For example, in an ineffective assistance of counsel claim, you ask, what would the court have done but for a counsel's error? Or in a Brady claim, what would the jury have done but for the suppression of particular evidence? And you don't have people deposing the judge or the jury. You just ask objectively, what would have happened in those circumstances? We envision a similar inquiry here. So would it be, to make sure that I understand your response to Justice Alito, because I was exactly what your position was and if it was distinct from respondents, you see it as kind of a but-for inquiry. You don't see it as asking, would it have been reasonable to detain him, say, for four days based on these two misdemeanors? You think the right inquiry is to say, would he in fact have said four days is sufficient? Would the magistrate in fact have authorized the additional detention? And the bail example might make that particularly clear, what the distinction between us and respondents would be. We would say, if the magistrate says, I'm issuing this higher bail, which it turns out the defendant can't pay because of the felony charge, that should be enough to show that that's an unreasonable seizure if the felony was a fabricated charge. But I take respondents to be saying that if the magistrate could have simply denied bail outright as a matter of federal constitutional law, then there's no Fourth Amendment violation. But just to make sure I have this right, you do not think that we should engage on that issue? Correct. And why not? It's not been the focus of the briefing and it's not what the court below decided. In addition, the unreasonable seizure question raises a variety of nuanced issues. For example, distinguishing between a fabricated charge that was presented to the magistrate and a fabricated charge for which there was probable cause that wasn't presented to the magistrate, distinguishing between the first 48 hours after the arrest and the pretrial detention that happens after, between bail and other procedures that might happen during the pretrial procedure, it's just too complicated to get into without briefing. And as to the two questions that you think we should address, the one that Ms. Anand agrees with, and then you added that, of course, this would have to cause a seizure, but there's no disagreement on that one either, is there? I take Petitioner to be suggesting that it's also possible to bring a Fourth Amendment malicious prosecution claim under the warrant clause based on the issuance of a warrant that's never executed and when no seizure results. I see. I took her to say something like, we should just leave that to the side. And you think we shouldn't leave that to the side? I think that the court should say that to bring this particular type of claim, the Manuel Thompson Fourth Amendment malicious prosecution claim, an unreasonable seizure is required. That's in Thompson itself. Of course, there may be a separate claim under the warrant clause that's cognizable under 1983, but that may have a different common law analog. It may be that the common law analog for that isn't malicious prosecution. There's a separate tort that I found preparing for this case called malicious procurement of a warrant. Maybe that's the appropriate analog. That's why we suggest that you limit your focus to the seizure provision. But you're saying that we should not, just to piggyback on Justice Kagan's last point, that you would have a stop at just saying that for this kind of claim, you have to have caused, the baseless charge has to have caused an unreasonable seizure, but not get into how one would go about proving that. That's correct. That would be enough to resolve the circuit split. I took Ms. Anand to be agreeing with all of that. So maybe I'll just put in a request with Ms. Anand to say on rebuttal, whether you agree with all of that. Thank you, Counsel. Justice Alito, maybe further. Thank you, Counsel. Ms. Wald. Mr. Chief Justice, and may it please the court. When a plaintiff brings a Section 1983 malicious prosecution claim under the Fourth Amendment, the plaintiff must show that the alleged malicious prosecution resulted in the plaintiff's seizure, as this court held in Thompson. The Sixth Circuit correctly concluded that Petitioner cannot make that showing because probable cause supported his detention. Petitioner was arrested and detained for three days pursuant to a warrant supported by probable cause for two first-degree misdemeanor crimes, each carrying a sentence up to six months imprisonment. In light of that, the presence of a third charge, allegedly lacking probable cause, could not have resulted in Petitioner's detention. This result flows directly from existing Fourth Amendment precedents, including Devon Peck v. Alford and Wren v. United States, which make that a seizure does not violate the Fourth Amendment as long as the circumstances viewed objectively justify that action. Or, as those precedents also state, Fourth Amendment reasonableness allows certain actions to be taken in certain circumstances, whatever the subjective intent an arresting officer is alleged to have had. Moreover, in Baker v. did not violate the Fourth Amendment because the arrest and detention was pursuant to a warrant supported by probable cause, even though police in that case had actually detained an innocent individual based on a mistaken identification. Applying the correct Fourth Amendment rule here means setting aside the charge that Petitioner alleges to have lacked probable cause and assessing whether the remaining charges objectively justify his detention. They clearly do, so I urge the Court to affirm the decision below, and I welcome your questions. What happened to this radical agreement we heard of? It was news to me that there was radical agreement. I think what has happened is that Petitioner has created this any crime rule that was in fact a rule that the Sixth Circuit had not adopted under this any crime straw man rule. It would mean that the presence of one charge supported by probable cause automatically justifies any detention. I don't think that's what the Sixth Circuit thought. That's not what the relevant Sixth Circuit precedent had held that the panel below was applying, and I would point the Court to the decision below at Cert Appendix pages 9a and 10a, where the Court articulates in a paragraph the standard that it's applying for malicious prosecution, and it says that the success of the malicious prosecution claim depends on whether probable cause supported his detention, and so we need to know what the Petitioner's detention was, and here it was this few days' detention pursuant to a warrant supported by probable cause on two charges, and that satisfies Fourth Amendment reasonableness, so there can be no Fourth Amendment malicious prosecution claim. What do I do with the language of the Court that says, moreover, we can affirm the District Court's decision if probable cause supports one or more of three charges? That's an every crime exception. I realize that. I would again point the Court to the paragraph that I referenced because that's where they articulate the standard, and if there's anything that might be somewhat unsatisfactory about the lower court opinion, it's that they are joining together the false arrest, false imprisonment, and malicious prosecution analyses, and I think that may cause some shorthand to appear later in the opinion that gives that impression, but I think it's important to know what... So do you disagree with the Solicitor General that if, I don't know how we get to this proof, but assuming it could be made, that absent the felony charge, no arrest warrant would have issued? Oh no, I absolutely... That a summons would have issued. Do you think then that it's an unreasonable seizure to have gotten the warrant? No, I disagree, and that's not the way Fourth Amendment precedents operate in this area. We look at the detention, and we ask whether it is objectively justified. I would point out as well that even on the face of the warrant... So what makes a seizure can be permitted but the detention unreasonable? Absolutely, and I think that might arise in circumstances where a particular offense is maybe a fine-only offense, for example, and that's the only charge that can provide probable cause. A more serious charge that accompanied it lacks probable cause will certainly at some point... That detention, and certainly beyond 48 hours for an uncharged crime, is always going to be unreasonable under the Fourth Amendment. Just to get back to the question that Justice Sotomayor asked about that language, I understand that you're saying we shouldn't take that language at face value, but if that language were taken at face value to mean what Justice Sotomayor suggested it meant, which is that any crime gets you out, you do disagree with that? You're talking about the language in the Sixth Circuit opinion. If it meant in any crime rule the way Petitioner defines it, that any probable cause automatically insulates any detention, yes, we agree that would be incorrect. We don't think that's what the Sixth Circuit applied. If, however, you look at the Sixth Circuit opinion, and you disagree, and you think that is the standard that the Sixth Circuit applied, then we think you should announce the right rule, and we, I think, largely agree with the United States about what that rule is, but we also think you should apply it in this case. There's ample precedent for doing that in Crawford and Employment Division v. Smith, Terry v. United States, Katz v. United States. We think that'd be appropriate to do here. So you would say first we knock off the any crime, then we say that there has to be a showing of causation as to the detention or the seizure, but then you want us to go further than the Is that right? Well, certainly not the right way in every case, but I think the way we ask you to then apply the rule you had set out is according to existing Fourth Amendment precedents. And even if you weren't willing to go ahead and apply the rule in this case, we do think the court should make clear that when Manuel and then Thompson in particular recognized a Fourth Amendment malicious prosecution claim, they weren't recognizing a brand new body of Fourth Amendment law that was going to create standards that are different than in other areas. We think the applicability of reasonability should continue to be as it already is in the Fourth Amendment. And to the extent that's dissatisfactory, it would be as Justice Gorsuch suggests, potentially possible to locate the claim in the 14th Amendment, and there may be efforts to do so. The court has explicitly reserved that possibility. So how is it that it applies here? So what is your standard for causation? So we just think it's the application of ordinary Fourth Amendment principles. So you would look at the warrant, just as you do under Franks, and exclude the information that is alleged to be false. It's alleged to be the malicious prosecution evidence, if you will. And you would look at what remains, and you would ask whether there's probable cause and whether that supports the detention. But I guess to look at ordinary principles, a lot of those ordinary principles come up in a different context. So it's hard to really say that they should translate and I had a whole colloquy with Ms. Anand about false arrest, probable cause, and what we look at and what we care about being different than the probable cause element. And I understand we're talking about the causation element, but the gravamen of a malicious prosecution claim is not the same as the gravamen of an unlawful arrest claim. And so when you're thinking about causation, I guess I'm a little worried about treating them the same. So the Fourth Amendment, as we know, prohibits unreasonable seizures, but not unreasonable charges. And we think that's the difference. And if there's any kind of misfit between these things, I think the court was well aware of that in Thompson, understanding that the common law malicious prosecution... No, but isn't it in the malicious prosecution context, the malicious and And so when we're looking at causation, it's very hard for me to understand how you can take out of the picture as you did with your definition, the malicious prosecution. What Ms. Anand is saying is that when you have a malicious initiation of charges, that sort of taints the process. And it's almost like you have to presume that almost everything that happened afterwards was tainted by that, unless we have clear evidence that you could have proceeded without the malicious prosecution. And you seem to be saying the opposite in a way. I think that those same kinds of arguments could have been put forward, I think were put forward in Devenpeck v. Alford about the way we handle this in the context of a false arrest. And the answer was a Fourth Amendment answer about reasonableness, and that Fourth Amendment reasonableness does not depend on the subjective intent of a particular officer. We know that from Wren, from Devenpeck, from numerous other cases. It also doesn't... But that's because that's not a malicious prosecution scenario. I mean, this is the precise point, right? When you take the jurisprudence that relates to the reasonableness of just an unlawful arrest, I totally buy what you're saying. Because we're not really focusing on the intent of the officer, we're looking at the circumstances and whether or not an objective officer with those circumstances would have arrested you and behaved in that way. But when you're beginning in the world of malicious prosecution, the thing that we care about is the intent and the maliciousness and what the process is doing to you for baseless reasons. And so once we're starting there, it seems to me you can't really judge the causation by those other standards, by standards that say, well, we don't really care what the officer was thinking. We've already crossed that bridge because we're in the world of malicious prosecution. I think that Thompson answers this question by requiring that there be an unreasonable seizure because Thompson was locating the claim in the Fourth Amendment, or at least acknowledging it as a type of Fourth Amendment claim that could be brought. And I think the kinds of things you're might be more at home in the 14th Amendment, but it's not been a part of our Fourth Amendment analysis. And I don't think that Thompson was creating a rule by which there'd be a new type of claim and it would have brand new elements and change the meaning of probable cause. I think Thompson was acknowledging that this claim could be brought under the Fourth Amendment, but I don't think there's any reason to deviate from Fourth Amendment principles beyond that. Ms. Wold, if we do what the SG proposes that we do and say, you know, the any crime rule is not good, but you do have to show causation and that this caused a seizure in order to make out the Fourth Amendment claim, what happens on remand? What arguments then do you make? Well, I think on remand, we would continue to argue, as I would ask the court to also state, that Fourth Amendment, existing Fourth Amendment principles apply. And so the question is whether his detention is justified by probable cause. And so this would be the colloquy that you're having with Justice Jackson right now, saying that we look at it objectively and we say, was this four days? If you cross out, put your hand over the money laundering charge, would it have been reasonable to hold him for four days for these two misdemeanors? Yes, that's exactly right. So you would ask, based on the probable cause that we know was determined by a neutral and detached magistrate at the issuance of the warrant, the probable cause of those two charges clearly justifies the entirety of his detention, and that would resolve the issue. Does it get tricky? I mean, I'm not sure any of our precedent squarely addresses this point. When do we stop thinking about the Fourth Amendment and start thinking about, say, speedy trial? Or is he being held so long that we're violating the Sixth Amendment? Or was this fine so high, it's actually an excessive fine problem? Is all this really, and is that maybe another caution here, is all this really a Fourth Amendment issue? So I think the recognition that pretrial detention could be a Fourth Amendment claim arises in 2017 with Manuel. So some of these questions may be a bit new. I do think in the past, the court has resolved some questions about length of detention by asking, at some point, did that detention become punishment? And then it's punishment without a conviction, and that can fall under other provisions of the Constitution. Maybe it's an unsatisfactory answer. I think there are complicating factors here. I think this case and these facts are not difficult because the detention is so limited, and it clearly corresponds to the length of detention the court has found to be reasonable under the Fourth Amendment in other cases, like Baker v. McClellan, where you had the wrong person. That person was completely innocent in saying so from the moment of arrest onward. But the warrant was valid. The warrant was supported by probable cause, and that justified the detention for a matter of days. Thank you. I'd just like to understand better if we were to remand for some sort of causation showing here exactly what your argument would be. Would it be that probable cause existed sufficient on the two charges that remained, and that that would be enough to justify four days? Or would it be that there's probable cause under any laws that we can It would be—first, I obviously don't exclude on remand that we might make lots of arguments, but I think the argument I'm positing today is that the two charges that were the subject of the warrant, those supply probable cause, not some kind of uncharged conduct, not under any law. I guess I'm wondering why that would be the case under your logic. If we're going to try to import Fourth Amendment principles further into this malicious prosecution claim, a false arrest seems to be where you're kind of driving the train, or wanting to. I may be mistaken there. And there, I'm not sure we would always be limited to the indictment or charge. We would look and see if there's probable cause to support the detention. Right. I think in this case, it wouldn't be enough to look at uncharged conduct because the seizure lasted more than 48 hours. So there wouldn't be probable cause determination by a neutral and detached magistrate as to uncharged conduct. And that's why you couldn't do what you could otherwise do in the false arrest. We're not looking necessarily at uncharged conduct, but I understand that limitation. But the claims that the government might bring, why would you be limited on that? Maybe I'm failing to understand the question, but I think when the government is holding someone beyond 48 hours— No, you've got to come up with a crime. But there's a lot of crimes out there these days, not just those who happen to charge. That's correct, but this is all after the fact. And so here we know the detention went beyond 48 hours. We are limited to claims that were charged. Thank you. So it seems to me that your causation rule eviscerates the kind of plaintiff dynamic that I explored with Ms. Anon. And maybe you can help me understand why that's the case, so I said, we have a person who is a criminal and he's committing crimes and he's got three or four of them absolutely dead to rights. But one of them, no, one of them, he says, this additional thing, whatever it is, I didn't do it. And because I'm a career criminal, the police officer knows me from way back when, and he actually tacked that on after he made stuff up and this charge is a malicious prosecution. It seems to me that if we buy your rule of causation, so first of all, we don't say any charge. He still gets to go forward just because there are these other charges. He still gets to go forward on that basis. But you're knocking him out basically for the same reason on the causation problem. You're saying because you have these other charges for which you could have been arrested, and perhaps he even agrees to that, you're not allowed because you can't say that the baseless charge caused. And I guess I don't understand why that's the case. Why shouldn't he still be able to make his claim on the civil docket with respect to the malicious prosecution of that one charge? I think you've absolutely highlighted a distinction between our positions. I think Williams v. Aguirre, which Petitioner embraces, would hold that you could make out a per se constitutional violation for that alleged malicious prosecution. And we think that's incorrect. And we think that's because of the operation of the Fourth Amendment. The correct rule is a Fourth Amendment rule. How could you have a per se constitutional violation for an unreasonable seizure? And we think it's the Fourth Amendment that does the work there. So what if the other crimes are all misdemeanors and he can show, we have this coming up in other cases, that no one would ever have been prosecuted or held or detained for the three other things? Yes, he says, I did those things, but those are not things for which people get detained. It's the one they made up. And that's in fact why they made it up, because they wanted me to go to jail. Does he go forward or no under your causation problem? We still think it is the overlay of existing Fourth Amendment precedent that asks about that objectively. And that means that if those misdemeanor charges, regardless of local practice, even if it hadn't been local practice to arrest for those, the Fourth Amendment says you can arrest for even a fine-only offense. That's Atwater v. City of La Govista. And the Fourth Amendment also allows an arrest even if it would be unlawful under state law. That's Virginia v. Moore. Those don't violate the Fourth Amendment, so you can hold that individual. Now, it would be a different case if the detention is for 18 months, for example. And the only probable cause that supports it are for these very minor misdemeanor offenses. But it doesn't matter to you at all if there's evidence that he puts forward that this magistrate, in fact, wouldn't have or didn't go forward with respect to this authorizing this detention, but for the baseless charge that was put there in order to get him to go to jail. That's right. We think that is exactly the kind of analysis that the Fourth Amendment forecloses. And I can point to Wren and Virginia v. Moore that all say the Fourth Amendment reasonableness does not depend on local practice. It doesn't depend on state law. It doesn't vary from place to place and from time to time. And that's just settled Fourth Amendment law. Counsel, let's say I understand all that and maybe even I'm slightly sympathetic to it, but what about the Fourteenth Amendment and what about the common law malicious prosecution claims which didn't depend upon showing that all of the charges against me were false? I think the standard could definitely be different under those. I think under state law, there is no requirement that you show a seizure. So the analysis would be different. That claim has been abandoned by this stage in the litigation. And yes, under the Fourteenth Amendment, you wouldn't have this requirement to show a seizure. I think the analysis would be different if the court were to recognize it in the future. Thank you, Counsel. Justice Alito? Justice Sotomayor? Okay. Thank you, Counsel. Thank you, Your Honor. So to answer Justice Kagan's question first, we are totally fine with the United States' position. Answer the question presented. Reiterate what you said in Thompson, that the malicious prosecution must have resulted in a seizure, which as the United States points out, is perfectly consistent with our preferred Eleventh Circuit formulation. And don't touch the question of the Warrant Clause. We read the Warrant Clause to talk about the values and purposes of the Fourth Amendment only, not to suggest there is necessarily a 1983 claim predicated on it or what constitutional tort applies. As for respondents' position, I'll just note that what they're now describing as a straw man is precisely what they argued for below. Here's a quote from Justice Gorsuch. This court can do a lot of good by just resolving the question presented and saying that the any crime rule, as Justice Gorsuch said, you can always come up with some crime for which there's probable cause. And so the any crime rule allows police officers to entirely insulate their misconduct by just tacking on a charge for which there is probably probable cause for just about anyone. This court can do a lot of good by just saying that that rule is incorrect, that a plaintiff can make out a malicious prosecution claim even if some charges are supported by probable cause, and will fight about all the complexities that your Honors heard about on remand. Thank you. Thank you, Counsel. The case is submitted.